IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>KATHRYN V. ERICKSON,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION FOR JOINT TRIAL<br><br>Case No. 2:05-CR-521 TS |
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>GILMAN N. MITCHELL,<br>Defendant. | Case No. 2:05-CR-566 TS |

This matter is before the Court for consideration of the government's Motion for a Joint Trial Under Fed.R.Crim.P. 13.[1] A hearing was held on February 15, 2006, to hear argument on the Motion, at the close of which the Court took the matter under advisement. Having considered the pleadings and the file and being otherwise fully informed, the Court will now grant the government's Motion, and join these cases for trial.

BACKGROUND

On July 21, 2005, a three-count Indictment was filed in Case No. 2:05-CR-521 TS against Kathryn V. Erickson, alleging Corruptly Influencing, Obstructing, and Impeding the Due Administration of Justice. On August 3, 2005, the government filed a nearly identical three-count Indictment against Gilman N. Mitchell in Case No. 2:05-CR-566 TS. Nine days later, on August 12, 2005, the government filed the instant Motion. The government represents that it delayed filing the Indictment against Mr. Mitchell at the request of his former counsel, and had always intended to prosecute these cases together.

DISCUSSION

The government seeks to have these cases joined together for trial, pursuant to Fed.R.Crim.P. 13, which states as follows:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

---

[1] The government's Motion as to Defendant Erickson is filed as Docket No. 5 in Case No. 2:05-CR-521 TS. The Court notes that the government filed a document entitled Notice of Motion for a Joint Trial Under Fed.R.Crim.P. 13, filed as Docket No. 4 in Case No. 2:04-CR-566 TS, which the Court construes as Motion for Joint Trial.

Therefore, the standard which guides the Court in its analysis is whether "all offenses and all defendants could have been joined in a single indictment."[2] The Court notes at the outset that the application of Rule 13 is discretionary, and that the Court is to consider both whether consolidation is *permissible* and whether it is *proper*. The Supreme Court has set forth the strong interests in favor of joint trials in promoting "efficiency" and "serv[ing] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."[3]

The government argues, and Defendants do not dispute, that these two cases arise out of the same operative facts, involve the same three documents and the same dates. It argues that these cases could have been joined under Fed.R.Crim.P. 8(b) which states, in relevant part, that "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting and offense or offenses." The government also cites the presumption in favor of joint trial and the promotion of judicial efficiency and avoiding unequal outcomes. Finally, the government argues that Defendants have made no showing of substantial harm that would negate this presumption.

Defendants both make the argument that their Sixth Amendment confrontation rights, per *Bruton,*[4] and *Crawford*[5] will be denied or prejudiced if joinder is granted because both Defendants will be advised by counsel not to testify, which would preclude them from admitting

---

[2] Fed.R.Crim.P. 13.

[3] *United States v. Zafiro*, 506 U.S. 534 (1993).

[4] *United States v. Bruton*, 391 U.S. 123 (1968).

[5] *Crawford v. Washington*, 541 U.S. 36 (2004).

potentially exculpatory evidence that the other Defendant would offer. However, this argument is unavailing in the present context. Put simply, the Confrontation Clause, per *Bruton* and *Crawford*, comes into play when the government seeks to introduce a co-defendant's confession which might inculpate a defendant.[6] This argument is short-circuited because the government states that it "knows of no *Bruton*-type confessions by either defendant and certainly none that the government [] presently intends to introduce at trial."[7] If the issue does come up at some point in the future, a hearing may be held at that time and, even if the Court finds a potential *Bruton* problem, the remedy may simply be redaction.

In sum, neither Defendant has made a showing of real prejudice,[8] and the consolidation of these cases is appropriate under both the "permissible" and "proper" standards. The plain reading of the rule allows for joinder in this case, and the Court will join the Erickson and Mitchell cases for trial.

CONCLUSION

Based upon the above, it is hereby

ORDERED that the government's Motion for a Joint Trial Under Fed.R.Crim.P. 13 (Docket No. 5) is GRANTED. However, per docketing procedure in this District, absent a Superceding Indictment in this matter, these cases will merely be associated, and future filings must still be docketed in both cases. As such, it is further

---

[6] Defendants' reliance on our previous *Swena* order is also misplaced, because there were co-defendant statements in that case.

[7] Government's reply brief in Case No. 2:05-CR-566, at 6.

[8] *United States v. Dirden*, 38 F.3d 1131, 1140-41 (10th Cir. 1994).

ORDERED that the parties shall file all future pleadings on a joint caption similar to the one on this Order. When e-filing, counsel shall attach the same document to each case.

SO ORDERED.

DATED February 22, 2006.

BY THE COURT:

TED STEWART
United States District Judge