IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br><br><br>　　　　vs.<br><br><br><br>KATHRYN V. ERICKSON,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS INDICTMENT<br><br><br><br><br><br>Case No. 2:05-CR-521 TS |
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br><br><br>　　　　vs.<br><br><br><br>GILMAN N. MITCHELL,<br><br>　　Defendant. | <br><br><br><br><br><br><br><br>Case No. 2:05-CR-566 TS |

This matter is before the Court for consideration of both Defendants' Motions to Dismiss Indictment.[1]  A hearing was held on February 15, 2006, to hear argument on the Motion, at the close of which the Court took the matter under advisement.  Having considered the pleadings and the file and being otherwise fully informed, the Court will now deny the motions.

DISCUSSION

Defendants have filed substantively identical motions arguing that this Court should dismiss the indictments pending against them for insufficiency of the evidence.  At the hearing, both Defendants argued that, as a matter of law, the documents at the heart of the Indictments have no criminal significance, and Defendant Erickson further argued that the Indictments themselves, even if proven true, fail to establish a crime.  The government countered, *inter alia*, that the evidence is not stipulated to, and there exists additional evidence which supports the Indictments, and the ultimate issue of whether the evidence is sufficient will be answered at trial.

Both defendants acknowledge the well-settled general rule set forth by the Tenth Circuit in *United States v. King*[2] that criminal defendants may generally not challenge the strength or weakness of the government's case or the sufficiency of the evidence supporting an indictment in a pretrial motion.  The Tenth Circuit has stated that an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence."[3]

---

[1] Defendant Erickson's Motion to Dismiss Indictment is Docket No. 29 in Case No. 2:05-CR-521 TS, and Defendant Mitchell's Motion to Dismiss for Insufficiency of Evidence appears as Docket No. 18 in Case No. 2:05-CR-566 TS.

[2] 581 F.2d 800, 802 (10th Cir. 1978).

[3] *Id*.

Further, the Supreme Court has stated that "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits."[4]

Defendants primarily rely upon the Tenth Circuit case of *United States v. Hall*[5] in support of their argument that a district court may dismiss an indictment in the pretrial stage. However the Tenth Circuit in that case made a very limited holding requiring two circumstances to be present: 1) the operative facts are undisputed; and 2) the government fails to object.[6]

Here, as noted above, the government disagrees that the operative facts are undisputed, and it strenuously objects to dismissal, both of which negate the *Hall* factors. Additionally, although Defendants argue that the documents at issue do not and could not establish a crime, because the documents could not have misled the grand jury, such a finding is not required to support conviction under the statute. The statute at issue here – 18 U.S.C. § 1503 – requires, in relevant part, that the government prove that an individual "*endeavor* to influence, intimidate, or impede" a grand jury. Whether or not such influence, intimidation or impediment actually occurred may not be relevant to the jury's actual determination of guilt or innocence.

In sum, Defendants' arguments are without merit, and this Court lacks authority to look beyond the four corners of the Indictment in this context or to otherwise usurp the role of the jury as fact finder over the government's objection.

---

[4] *Costello v. United States*, 350 U.S. 359, 363 (1956).

[5] 20 F.3d 1984 (10th Cir. 1994); *see also United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991).

[6] *Id.*

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant Erickson's Motion to Dismiss Indictment (Docket No. 29 in Case No. 2:05-CR-521 TS) and Defendant Mitchell's Motion to Dismiss for Insufficiency of Evidence (Docket No. 18 in Case No. 2:05-CR-566 TS) are DENIED.

SO ORDERED.

DATED  February 22, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge